UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEWAYNE DEMETRIUS ELLIS,

        Petitioner,

v.                                                              Case No. 06-13772
                                                              Honorable Denise Page Hood

PATRICIA BARNHART,

        Respondent.
        _____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation dated March 23, 2009. Objections have been filed by Petitioner. The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons.

As to Petitioner's claims challenging his sentencing, the Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief. First, Petitioner contends that his sentence as an habitual offender was improper because the supplemental information charging him as such was defective, and because his enhanced sentence was based on inaccurate information. The Court agrees with the Magistrate Judge that the prosecutor could have amended the information to accurately reflect Petitioner's criminal history, Petitioner was only entitled to reasonable notice of the prosecutor's intent to seek an enhancement and an opportunity to be heard, and Petitioner's substantial rights were not affected because he had at least two other felony convictions supporting the enhanced sentence. R&R at 13,15. Second, Petitioner contends that the trial court improperly scored two offense variables, resulting in a sentence

constituting an upward departure from the sentencing guidelines. This, however, is an issue of state law, not cognizable on habeas review. R&R at 16. Third, Petitioner claims that his sentence was based on facts not found by a jury beyond a reasonable doubt, violating his Sixth Amendment right to a jury trial. Here, Petitioner was convicted of armed robbery, which carries a maximum penalty of imprisonment for life or any term of years. The Court agrees with the Magistrate Judge that, as the sentence did not exceed the statutory maximum authorized by law, it did not violate Petitioner's rights under the Sixth Amendment. R&R at 21.

Regarding Petitioner's claim that he was denied a fair trial due to the prosecutor's failure to endorse or discover the whereabouts of two *res gestae* witnesses as required by Michigan law, the Court agrees with the Magistrate Judge that this is an issue of state law, not cognizable on habeas review. Moreover, Petitioner has made no showing that these witnesses could have offered material, favorable, and noncumulative evidence to support his defense. R&R at 23.

Petitioner further contends that his conviction was based on the presentation of perjured testimony. With respect to this claim, the Court agrees with the Magistrate Judge that the Petitioner has not made any showing that the prosecution knowingly presented false, material testimony. R&R at 27,32. Petitioner also claims that the prosecution presented insufficient evidence to support his conviction for assault with intent to commit murder. The Court agrees with the Magistrate Judge that, even absent evidence of an expressed intent to kill, Petitioner's act of firing a gun at the victim multiple times and at close range is sufficient evidence from which the jury could infer beyond a reasonable doubt that Petitioner intended to kill the victim. R&R at 34.

Petitioner claims that his counsel rendered constitutionally ineffective assistance at trial,

based upon counsel's failure to challenge the sufficiency of the prosecutor's habitual offender notice, failure to challenge the victim's pre-trial identification, failure to thoroughly cross-examine the victim, and stipulation to the elements of the felon in possession offense.  As to counsel's failure to challenge the sufficiency of the prosecutor's habitual offender notice, the Court agrees with the Magistrate Judge that Petitioner cannot make a showing that counsel was ineffective because, even if counsel had objected, under state law the prosecutor would have been permitted to substitute one of Petitioner's other convictions to support the enhanced sentence.  R&R at 36.  The Court also agrees with the Magistrate Judge that there is no evidence that the pre-trial identification procedure was unduly suggestive.  R&R at 37.  As to Petitioner's claim that counsel failed to thoroughly cross-examine the victim, the Court agrees with the Magistrate Judge that counsel's strategy of cross-examination does not support a finding that counsel's performance was deficient.  R&R at 39.  Further, the Court agrees with the Magistrate Judge that Petitioner cannot show a reasonable probability that the outcome of his trial would have been different had counsel not stipulated that Petitioner's right to possess a firearm had not been restored at the time of the incident.  R&R at 41.

      Finally, the Court agrees with the Magistrate the Judge that, as none of Petitioner's claims establish constitutional error, Petitioner was not denied a fair trial by the cumulative effect of the errors identified in his habeas application.

      Accordingly, for the reasons set forth above and in the Report and Recommendation,

      IT IS ORDERED that the Report and Recommendation of Magistrate Judge Paul J. Komives dated March 23, 2009 (Docket No. 28) is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

      IT IS FURTHER ORDERED that Petitioner's Rule 6 Motion for 30-Days Enlargement of Time to File Objections to Magistrate R&R is GRANTED.  Objections were filed on April 7, 2009 (Docket No. 31).

      IT IS FURTHER ORDERED that the Writ of Habeas Corpus is DENIED and DISMISSED with prejudice.

                                S/Denise Page Hood  
                                Denise Page Hood  
                                United States District Judge

Dated:  September 21, 2009

      I hereby certify that a copy of the foregoing document was served upon counsel of record and Dewayne D. Ellis, Reg. No. 257906, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446 on September 21, 2009, by electronic and/or ordinary mail.

                                S/William F. Lewis  
                                Case Manager